UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-CV-22822-GAYLES/OTAZO-REYES

MEDMARC CASUALTY INSURANCE
COMPANY and NOETIC SPECIALTY
INSURANCE COMPANY,

    Plaintiffs,
v.

PETER J. YANOWITCH, JUAN POCH
VIVES, and YANOWITCH LAW, P.A.,

    Defendants.
_____

PETER J. YANOWITCH,

    Counter-Plaintiff,

v.

MEDMARC CASUALTY INSURANCE
COMPANY and NOETIC SPECIALTY
INSURANCE COMPANY,
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Judgment on the Pleadings [ECF No. 39], Plaintiffs' Motion for Summary Judgment [ECF No. 72], and Defendants'/Counter-Plaintiffs' Motion for Summary Judgment [ECF No. 75]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, Plaintiffs' Motions are granted in part and Defendants'/Counter-Plaintiffs' Motion is granted in part.

## BACKGROUND

Plaintiffs Medmarc Casualty Insurance Company ("Medmarc") and Noetic Specialty Insurance Company ("Noetic") (collectively the "Insurers") have filed this action seeking a

declaration that they have no duty to defend or indemnify Defendant Peter J. Yanowitch ("Yanowitch") or Yanowitch Law, P.A. ("Yanowitch Law") (collective the "Yanowitch Defendants") against a lawsuit filed by Defendant Juan Poch Vives ("Poch").

## I.     The Underlying Lawsuit

On January 22, 2020, Poch filed an action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Emerson Fittipaldi ("Fittipaldi"), Yanowitch, Bert Bryan ("Bryan"), Robert Lavia ("Lavia"), HWA AG ("HWA"), The Josephs Law Firm P.A. ("Josephs Law") and Yanowitch Law (collectively the "Underlying Defendants"). [ECF No. 27-3]. According to the Underlying First Amended Complaint (the "Underlying Complaint"), HWA, Fittipaldi, Lavia, and Bryan induced Poch to invest several million dollars in a business venture wherein HWA would develop and build a Supercar. As part of the venture, Poch and EF7 Holdings, an entity owned by Fittipaldi, Yanowitch, Bryan, and Lavia, entered into an operating agreement creating Fittipaldi Motors, LLC. Ultimately, HWA cancelled its agreement with Poch and Fittipaldi Motors, LLC, and continued the project with a separate company formed by Fittipaldi. As a result, Poch lost the value of his investment. Poch claims that the Underlying Defendants breached their fiduciary duties, interfered with the business venture, and conspired to defraud him.

Of the twenty-five counts in the Underlying Complaint, eight are against the Yanowitch Defendants including: Common Law Breach of Fiduciary Duty against Yanowitch (Count IV); Vicarious Liability against Yanowitch Law (Count VI); Breach of Fiduciary Duty in Violation of Florida Statute § 605.04091 against Yanowitch (Count VII); Unjust Enrichment against Yanowitch (Count X); Constructive Fraud against Yanowitch (Count XVII); and Civil Conspiracy against all of the Defendants (Count XX). The allegations in the Underlying Complaint directly relating to Yanowitch and Yanowitch Law include the following:

- Poch "trusted and confided" in Yanowitch and the other individual defendants to manage and account for his investment in the project. *Id.* at ¶ 19

- The Underlying Defendant, including Yanowitch, made misrepresentations to Poch to induce him to continue investing funds. *Id.* at ¶ 21.

- Yanowitch, via the Yanowitch Family Trust, is one of the owners of EF7 Holdings. *Id.* ¶ 26.

- Poch transferred his investment funds to Yanowitch and the trust account of Yanowitch Law. *Id.* ¶ 27.

- Yanowitch Law "is a law firm engaged solely in the private practice of law." *Id.* ¶ 28.

- Yanowitch was also employed at Josephs Law during the relevant time period. *Id.* ¶ 30.

- Yanowitch disbursed Poch's funds out of this trust account. *Id.* ¶ 39.

- Yanowitch, "as one of Poch's attorneys, owed Poch fiduciary duties arising out of his attorney-client relationship. Poch believed Peter Yanowitch to be representing him as his attorney at all material times." *Id.* ¶ 43.

- Yanowitch also owed Poch fiduciary duties arising from his role as the trustee and fiduciary responsible for the millions of dollars of Poch's investment. *Id.* ¶ 44.

## II.   The Policies

During the relevant time period, Medmarc insured Josephs Law under a professional liability policy (the "Medmarc Policy"), [ECF No. 27-7], and Noetic insured Yanowitch & Co. LLP[1] under a professional liability policy (the "Noetic Policy"), [ECF No. 27-9].

### A.   The Medmarc Policy

Josephs Law is the named insured under the Medmarc Policy. In addition, the Medmarc Policy's definition of "insured" includes:

---

[1] Yanowitch & Co. LLP is a general partnership formed in 2019 whose partners include Yanowitch. According to the allegations in the Underlying Complaint, "50% or more of the attorneys at [Yanowitch Law] joined [Yanowitch

3

> (1) the Named Insured; or (2) any Predecessor Firm; or . . . (4) any lawyer who was a[n] employee . . . of the Named Insured . . . solely while acting in a professional capacity on behalf of the Named Insured . . . (6) any past or present "of counsel" lawyer, solely while acting in a professional capacity on behalf of the Named Insured . . .

[ECF No. 27-7 at 6].

The Medmarc Policy covers claims involving errors or omissions in "services rendered by an Insured as a provider of legal services in a lawyer-client relationship …" *Id.* at 7. Its exclusions include:

> [A]ny claim involving the rendering of or failure to render investment advice[.]
>
> . . .
>
> [A]ny claim made against any Insured involving any Insured's activities as an owner, partner, officer, director, member, principal, stockholder, employee, or independent contractor of an entity (other than a prior law firm) not named in the Declarations . . .
>
> . . .
>
> [A]ny claim or other request involving or relating to any conversion, improper commingling, or misappropriation, whether by an Insured or any other person, and whether intentionally or not, of client funds or trust account funds or funds of any other person held by any Insured in any capacity.

*Id.* at 7, 9, 10.

### B. The Noetic Policy

Yanowitch & Co. LLP is the named insured under the Noetic Policy. In addition, the Noetic Policy's definition of "Insured" includes:

> Any present or past partner, principal, shareholder, member, officer, director, "of counsel," sole shareholder professional corporation, or employed attorney of the "Named Insured", but only for "Claims" resulting from the performance of, or failure to perform, "Professional Services" on behalf of the "Named Insured" or a "Predecessor Firm(s)"[.]

LLP]." ECF No. 27-3 ¶¶ 28-29.

[ECF No. 27-9 at 13]. Predecessor Firm is defined as "any law firm engaged solely in the private practice of law and from which 50% or more of the attorneys join the 'Named Insured.'" *Id.* at 14.

Like the Medmarc Policy, the Noetic Policy covers claims "resulting from an act or omission" in the provision of "Professional Services . . ." *Id.* at 10. Its exclusions include:

> [A]ny "Claim" arising out of any act or omission in the performance of, or failure to perform, "Professional Services" for any "Business Enterprise": 1) which is or was owned, controlled, operated or managed by any "Insured", or by any "Insured's" family members, in any capacity, including the ownership, maintenance or use of any property; or 2) in which any "Insured" or his or her family members have, or ever had, singly or collectively, more than a 5% equity interest.
>
> . . .
>
> [A]ny "Claim" arising out of any "Insured's" services and/or capacity as . . . an officer, director, partner, stockholder, owner, trustee or employee of a "Business Enterprise" or pension, a welfare or profit-sharing plan, or any mutual or investment fund or trust . . .
>
> . . .
>
> [A]ny "Claim" arising out of conspiracy . . .
>
> . . .
>
> [A]ny "Claim" arising out of the rendering, or failure to render, investment advice or the performance, or failure to perform, investment services, including the sale, purchase or retaining of any investments, or any advice as to the sale, purchase or retaining of any investments.

*Id.* at 21-23.

### III. The Current Action

The Insurers brought this action seeking a declaration that the Policies do not cover Poch's claims against the Yanowitch Defendants and that, therefore, they have no duty to defend or indemnify the Yanowitch Defendants in the Underlying Action [ECF No. 1].[2]  The Insurers have

---

[2] Insurers are defending the Yanowitch Defendants in the Underlying Action under a reservation of rights.

moved for judgment on the pleadings, [ECF No. 39], and all parties have filed cross-motions for summary judgment. [ECF Nos. 72, 75].[3]

## LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). The court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). If a material dispute of fact exists, "judgment on the pleadings must be denied." *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)).

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no ***genuine*** issue of ***material*** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014).

---

[3] After failing to respond to the Court's orders to appear for hearings or notify the Court whether he would be proceeding *pro se* after his counsel withdrew, the Court found Poch in default. [ECF No. 85].

**ANALYSIS**

**I.      Duty to Defend**

To determine if the Insurers have a duty to defend the Yanowitch Defendants, the Court looks only to the allegations in the Underlying Complaint and the terms of the Policy. *See Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442–43 (Fla. 2005). If the allegations in the Underlying Complaint do not establish coverage, there is no duty to defend. *James River Ins. Co. v. Bodywell Nutrition, LLC*, 842 F. Supp. 2d 1351, 1354 (S.D. Fla. 2012) (citing *Posigian v. Am. Reliance Ins. Co. of New Jersey*, 549 So. 2d 751, 753 (Fla. 3d DCA 1989)). Unsupported and conclusory "buzz words" are insufficient to trigger coverage. *State Farm Fire & Cas. Co. v. Setinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). In addition, inferences are insufficient to trigger coverage. *Fun Spree Vacations, Inc. v. Orion Ins. Co.,* 659 So. 2d 419, 421-22 (Fla. 3d DCA 1995) ("[T]he allegations in the complaint control in determining the insurer's duty to defend . . . [i]nferences are not sufficient.") (citations omitted).

"[T]he duty to defend is of greater breadth than the insurer's duty to indemnify, and the insurer must defend even if the allegations in the complaint are factually incorrect or meritless. . . . Any doubts regarding the duty to defend must be resolved in favor of the insured." *Jones*, 908 So. 2d at 442-43. "Florida law provides that when at least some of the claims are covered, the insurer has a duty to defend the entire suit." *Century Surety Co. v. Southern Coatings, Inc.*, No. 06-61880, 2007 WL 9701080, at *3 (S.D. Fla. December 26, 2007).

Under Florida law, "[i]nsurance contracts are construed according to their plain meaning, with any ambiguities construed against the insurer and in favor of coverage." *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007). If there is a dispute over coverage and exclusions, the Court employs a burden-shifting framework. *See E.S.Y., Inc. v. Scottsdale Ins. Co.*, No. 15-

7

21349, 2015 WL 6164666, at * 6 (S.D. Fla. Oct. 14, 2015). "A person seeking to recover on an insurance policy has the burden of proving a loss from causes within the terms of the policy[,] and if such proof of loss is made within the contract of insurance, the burden is on the insurer to establish that the loss arose from a cause that is excepted from the policy." *Id.* (quoting *U.S. Liab. Ins. Co. v. Bove*, 347 So. 2d 678, 680 (Fla. 3d DCA 1977)). If the insurer is able to establish that an exclusion applies, the burden shifts to the insured to prove an exception to the exclusion. *Id.*

### A. The "Insureds"

It is undisputed that the Yanowitch Defendants are "insureds" under the Noetic Policy. However, Medmarc argues that the Yanowitch Defendants are not "insureds" under its Policy. Based on the allegations in the Underlying Complaint, the Court finds that only Yanowitch is an insured under the Medmarc Policy.

The Underlying Complaint alleges that Yanowitch was an employee of Josephs Law and was acting in a professional capacity for Josephs Law during the relevant time period. [ECF No. 27-3 ¶¶ 30, 93-94]. The Medmarc Policy includes, in its definition of an "insured", "any lawyer who was . . . [an] employee . . . of the Named Insured . . . solely while acting in a professional capacity on behalf of the Named Insured . . . ." [ECF No. 27-7 at 6]. The Insurers argue that Yanowitch was not acting "solely" in a professional capacity with respect to the alleged transactions. However, in the context of the duty to defend, the Court must find a duty to defend "[i]f the facts alleged show any basis for imposing liability upon the insured that falls within policy coverage . . . ." *Lime Tree Village Comm'n Club Assoc., Inc. v. State Farm General Ins. Co.*, 980 F.2d 1402, 1406 (11th Cir. 1993). Here, the Underlying Complaint clearly alleges that Yanowitch was employed by Josephs Law and that "while in the course and scope of his employment at the Josephs Law Firm, [he] breached various fiduciary duties he owed to Mr. Poch as an attorney, trustee, and fiduciary." [ECF

8

No. 27-3 ¶ 93-94]. While the facts presented during the course of the Underlying Litigation might establish that Yanowitch was not acting "solely" as an attorney for Josephs Law, the Underlying Complaint alleges enough to find that Yanowitch was an insured under the Medmarc Policy for purposes of the duty to defend.

Yanowitch Law, however, does not qualify as an insured under the Medmarc Policy. There are no allegations in the Underlying Complaint that Yanowitch Law is a predecessor firm to, or an employee of, Josephs Law. As a result, Medmarc has no duty to defend Yanowitch Law.[4]

### B. Policy Coverage and Exclusions

"[T]he duty to defend turns on the grounds for liability expressed by the allegations of fact in the underlying complaints." *Lime Tree*, 980 F.2d at 1405 (internal quotations omitted). "Because the duty to defend in Florida is broader than the duty to indemnify, insurers must defend when the complaint alleges facts which fairly and *potentially* bring the suit within policy coverage." *Public Risk Management of Florida v. One Beacon Ins. Co.*, 569 F. App'x 865, 870 (11th Cir. 2014) (internal quotations omitted).

Both Policies provide coverage for claims involving alleged acts or omissions while providing professional services. Here, the Underlying Complaint repeatedly alleges that Yanowitch, employed by Yanowitch Law and Josephs Law, breached his fiduciary duty to Poch while acting as Poch's attorney. *See* ECF No. 27-3 ¶ 43 ("Peter Yanowitch, as one of Poch's attorneys, owed Poch fiduciary duties arising out of his attorney-client relationship. Poch believe Peter Yanowitch to be representing him as his attorney at all times."). This is more than enough to trigger the duty to defend. *See Public Risk*, 569 F. App'x at 870 (holding that there is a duty to defend "even where the complaint alleges facts partially within and partially outside of coverage, or when the later true facts show there is no coverage.").

The Insurers argue that several exclusions from each Policy apply to bar coverage. For an exclusionary clause to eliminate an insurer's duty to defend, the insurer must "demonstrate[] that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Hartford Acc. & Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006) (internal quotations omitted). Here, the Insurers cannot do so.

Medmarc argues that the claims in the Underlying Complaint are excluded under its Policy because the claims: (1) involve the rendering or failure to render investment advice; (2) involve Yanowitch's role as a member and general counsel of the LLC; and (3) relate to conversion, improper commingling, or misappropriation. While these exclusions might apply to some of the claims in the Underlying Complaint, they do not apply to all the allegations. Scattered throughout the Underlying Complaint are references to Yanowitch's role as Poch's attorney—a role that is potentially independent of any excluded acts. Indeed, Poch's claim against Yanowitch for Breach of Fiduciary Duty (Count IV) includes allegations that Yanowitch, "in his role as attorney" breached his duty to, among other things, conduct due diligence as to whether Poch's funds were being properly used or communicate conflicts of interest." [ECF No. 27-3 ¶88]. These allegations fall squarely within the coverage of the Medmarc Policy. *See Selective Ins. Co. of the Southeast v. William P. White Racing Stables*, 718 F. App'x 864, 867 (11th Cir. 2017) ("allegations that support alternative theories of liability, some covered by the policy and some not, still trigger the duty to defend."). Accordingly, the Court finds that Medmarc has a duty to defend Yanowitch.

With respect to the Noetic Policy, Noetic argues that the civil conspiracy, business enterprise, and investment advice exclusions bar coverage. As with the Medmarc Policy, these exclusions do not apply to all of Poch's claims against the Yanowitch Defendants. While there are allegations of a civil conspiracy, these allegations do not permeate the entire complaint; there are allegations in the

---

[4] As set forth below, Noetic has a duty to defend Yanowitch Law under its Policy.

Underlying Complaint that appear to fall outside of any purported conspiracy. For example, Poch's claim for breach of fiduciary duty against Yanowitch relates to Yanowitch's role as Poch's attorney and not a conspiracy between the parties. The same holds true for the business enterprise and investment advice exclusions. Though these exclusions might ultimately apply to some or all of Poch's claims against the Yanowitch Defendants, they do not exclude all of the claims. *See Century Surety v. Southern Coatings, Inc.*, No. 06-61880, 2007 WL 9701080, at *3 (S.D. Fla. Dec. 21, 2007) (holding that there is a duty to defend "when as least some of the claims are covered[.]"). Accordingly, the Court finds Noetic has a duty to defend both Yanowitch Defendants.

**II.  Duty to Indemnify**

The "duty to defend [an insured] is not ripe for adjudication until the underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 700 (11th Cir. 2019). The Court, therefore, cannot make a determination as to Medmarc's duty to indemnify Yanowitch[5] and Noetic's duty to indemnify Yanowitch and Yanowitch Law at this time. Accordingly, this matter shall be stayed pending resolution of the Underlying Lawsuit.

## CONCLUSION

Based  thereon, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Judgment on the Pleadings [ECF No. 39] and Plaintiffs' Motion for Summary Judgment [ECF No. 72] are granted in part and denied in part, and Defendants'/Counter-Plaintiffs' Motion for Summary Judgment [ECF No. 75] is granted in part and denied in part.

---

[5] As the Court has determined that Medmarc does not have a duty to defend Yanowitch Law, Medmarc has no duty to indemnify Yanowitch Law. *See E.S.Y., Inc. v. Scottsdale Ins. Co.*, No. 15-21349-CIV, 2015 WL 6164666, at *6 (S.D. Fla. October 14, 2015) (holding that where there is no duty to defend, there is no duty to indemnify).

2. This action is stayed and closed for administrative purposes pending resolution of the Underlying Lawsuit.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of March, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE